UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____

)
)
WILDEARTH GUARDIANS )
1536 Wynkoop, Suite 301 )
Denver, CO 80202, )
)
) Civ. No.
Plaintiff, )
)
vs. )
)
LISA P. JACKSON )
in her Official Capacity as )
Administrator )
United States Environmental Protection Agency )
Ariel Ross Building )
1200 Pennsylvania Avenue, N.W. )
Washington, DC 20460 )
)
Defendant. )
_____)

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1.  Plaintiff WILDEARTH GUARDIANS challenges the failure of Defendant LISA P.

JACKSON, Administrator of the United States Environmental Protection Agency ("EPA") to

perform mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q.

Specifically, EPA has a mandatory duty to take final action on two State Implementation Plan

submittals from Utah: their Regional Haze State Implementation Plan and a request to

1

redesignate Salt Lake County, Utah County and Ogden City to attainment of the National Ambient Air Quality Standard for particulate matter smaller than 10 microns ("PM10") and approve maintenance plans for these areas.  EPA has failed to perform the mandatory duties for Utah's submittals.  WildEarth Guardians thus brings this action to ensure the State Implementation Plan submittals are acted upon in a timely manner so that their members and others are protected against air pollution that injuries public health and welfare.

## II.  JURISDICTION, VENUE AND NOTICE

2.      This case is a Clean Air Act citizen suit.  Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

3.      An actual controversy exists between the parties.  This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930.  Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201.  If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

4.      EPA's Region 8 is headquartered in Denver.  EPA Region 8 includes Utah.  Thus, many of the acts and omissions allegedly giving rise to the claims in this case occurred in this District.  In addition, WildEarth Guardians maintains an office of Denver.  Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

5.      WildEarth Guardians mailed to EPA by certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this Complaint on March 17, 2010.

EPA received this notice on March 23, 2010. More than sixty days have passed since WildEarth Guardians mailed this notice of intent to sue letter. EPA has not remedied the violations alleged in this Complaint. Therefore, a present and actual controversy exists between the parties and WildEarth Guardians has provided notice as required under the Clean Air Act.

### III.  PARTIES

6.      Plaintiff WILDEARTH GUARDIANS is a non-profit environmental organization, with offices in Colorado, Arizona, and New Mexico. WildEarth Guardians protects and restores wild rivers, wildlife and wild places in the American West. A critical component of this work is helping to foster an ethic of appreciation by allowing people to enjoy these wildlife, wild rivers and wild places.

7.      Members and volunteers of WildEarth Guardians' live, work, study, recreate, engage in other economic activities and obtain spiritual benefits, and will continue to do so regularly, throughout the areas that are affected by the State Implementation Plans at issue in this case. Regional haze and PM10 in the affected areas threaten, and are anticipated to continue to threaten, the health and welfare of WildEarth Guardians' members and volunteers. WildEarth Guardians members and volunteers', as well as the public's, ability to enjoy the aesthetic qualities of Utah's picturesque landscape is diminished, and all are forced to breath air that is below the minimum quality as required under the Clean Air Act ("the Act"). As a result the levels of regional haze and PM10 in the affected areas threaten the health, welfare and economic interests of WildEarth Guardians' members and volunteers.

8. EPA's failure to timely perform the mandatory duties described herein adversely affects WildEarth Guardians' members and volunteers, depriving them of health, welfare and procedural protection and opportunities as well as information to which they are entitled to under the Act. The injuries will continue until the Court grants the relief requested herein, which would provide relief to WildEarth Guardians' members' injuries.

9. Defendant LISA P. JACKSON is the Administrator of the United States Environmental Protection Agency. In that role Administrator Jackson has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

## IV.  GENERAL ALLEGATIONS

10. The Clean Air Act aims to "protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To promote this, the Act requires the Administrator to set National Ambient Air Quality Standards for certain pollutants, including PM10. National Ambient Air Quality Standards establish maximum allowable concentrations in the air of these pollutants.

11. Each National Ambient Air Quality Standard must be stringent enough to prevent adverse effects on public health and welfare. Effects on welfare include, but are not limited to, effects on soils, water, vegetation, manmade materials, wildlife, visibility (that is haze), damage to property, economic impacts, and effects on personal comfort and well-being.

12. States are required to submit State Implementation Plans to EPA in order to implement, maintain and enforce the National Ambient Air Quality Standards. *See* 42 U.S.C. § 7410(a).

13.     Pursuant to 42 U.S.C. § 7407(d)(1)(A), areas that fail to meet the National Ambient Air Quality Standard for a pollutant must be designated "nonattainment" for that pollutant, while those that meet the standard must be designated as "attainment."  *See e.g., Sierra Club v. E.P.A.*, 129 F.3d 137, 138 (D.C. Cir. 1997).  States must then submit State Implementation Plans to maintain pollution levels below the National Ambient Air Quality Standard in attainment areas and to bring down pollution levels to below the National Ambient Air Quality Standard in nonattainment areas.  *See South Coast Air Quality Management Dist. v. E.P.A.*, 472 F.3d 882, 887 (D.C. Cir. 2006) (discussing ozone nonattainment requirements found in 42 U.S.C. §§ 7511-7511f that apply to areas failing to reach attainment by the 1990 Clean Air Act Amendments); *see also Sierra Club v. EPA*, 129 F.3d at 138 ("EPA must establish…a schedule by which the state must submit a [State Implementation Plan] revision that complies with the requirements for nonattainment areas in order to attain the [National Ambient Air Quality Standard]….") (citation omitted).

14.     Under 42 U.S.C. § 7407(d)(3), a state may submit a request to EPA to change the designation of the area.

15.     Salt Lake County, Utah was designated nonattainment for PM10 in 1990 and classified as a "Moderate" area by operation of law.  *See* 56 Fed. Reg. 56694, 56840 (Nov. 6, 1991).

16.     Utah County, Utah was designated nonattainment for PM10 in 1990 and classified as a "Moderate" area by operation of law.  *See* 56 Fed. Reg. 56694, 56840 (Nov. 6, 1991).

17.     Ogden City, Utah was designated nonattainment for PM10 in 1995 and was classified as "Moderate" under 42 U.S.C. 7407(d)(3).  *See* 60 Fed. Reg. 38726 (July 28, 1995).

18.     Pursuant to 42 U.S.C. § 7491, EPA first promulgated visibility regulations in 1980.  45 Fed. Reg. 80084 (Dec. 2, 1980).  EPA revised the regulations in 1999 to address regional haze.  64 Fed. Reg. 35714 (July 1, 1999) (hereinafter "Regional Haze Rule").

19.     The Regional Haze Rule requires states in which Class I areas are located to submit revised State Implementation Plans that "develop programs to assure reasonable progress toward meeting the national goal of preventing any future, and remedying any existing, impairment of visibility in mandatory Class I Federal areas which impairment results from manmade air pollution; and to establish necessary additional procedures for new source permit applicants, States and Federal Land Managers to use in conducting the visibility impact analysis…."  40 C.F.R. § 51.300(a) (2009).

20.     The Regional Haze Rule is applicable to Utah.  40 C.F.R. § 51.300(b)(2)(2009).

## V.  CLAIMS FOR RELIEF

CLAIM ONE
(EPA's Failure to Take Final Action Pursuant to 42 U.S.C. § 7410(k)(2) on Utah's Regional Haze Plan Submittal)

21.     Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

22.     The Clean Air Act requires EPA to make a finding as to whether a State Implementation Plan submittal complies with the requirements of 42 U.S.C. § 7410(a)(2) within six months of the submittal deadline.  42 U.S.C. § 7410(k)(1)(B).  This is known as the completeness finding.  If EPA does not determine that a State Implementation Plan submittal fails to "meet the

minimum criteria" required by the Act within six months, the submittal is deemed administratively complete by operation of law. *Id*.

23.     EPA must take final action on a State Implementation Plan submittal within 12 months of the completeness finding by approving in full, disapproving in full, or approving in part and disapproving in part. 42 U.S.C. § 7410(k)(2).

24.     Utah submitted their Regional Haze Plan on September 9, 2008.

25.     Thus, pursuant to 42 U.S.C. § 7410(k)(2) Congress required EPA to take final action on Utah's Regional Haze Plan by approving in full, disapproving in full, or approving in part and disapproving in part by no later than March 9, 2010.

26.     EPA has failed to take final action by not approving in full, disapproving in full, or approving in part and disapproving in part Utah's Regional Haze Plan submittal.

27.     Accordingly, EPA is in violation of the mandatory duty under 42 U.S.C. § 7410(k)(2) to take action on State Implementation Plan submissions. This violation of a mandatory duty is ongoing.

CLAIM TWO
(EPA's Failure to Take Final Action Pursuant to 42 U.S.C. § 7410(k)(2) on Utah's Request to Re-designate Salt Lake and Utah Counties and Ogden City to Attainment and Maintenance Plans for the PM10 National Ambient Air Quality Standard)

28.     Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

29.     The Clean Air Act requires EPA to make a finding as to whether a State Implementation Plan submittal complies with the requirements of 42 U.S.C. § 7410(a)(2) within six months of

the submittal deadline. 42 U.S.C. § 7410(k)(1)(B). This is known as the completeness finding. If EPA does not determine that a State Implementation Plan submittal fails to "meet the minimum criteria" required by the Act within six months, the submittal is deemed administratively complete by operation of law. *Id*.

30.     EPA must take final action on a State Implementation Plan submittal within 12 months of the completeness finding by approving in full, disapproving in full, or approving in part and disapproving in part. 42 U.S.C. § 7410(k)(2).

31.     Utah submitted a request to re-designate Salt Lake and Utah Counties and Ogden City to attainment and maintenance plans for the PM10 National Ambient Air Quality Standard on September 2, 2005. *See* 74 Fed. Reg. 62717, 62718 (Dec. 1, 2009).

32.     Thus, pursuant to 42 U.S.C. § 7410(k)(2) Congress required EPA to take final action on Utah's request to re-designate Salt Lake and Utah Counties and Ogden City and maintenance plans by approving in full, disapproving in full, or approving in part and disapproving in part by no later than March 2, 2007.

33.     EPA has failed to take final action by not approving in full, disapproving in full, or approving in part and disapproving in part Utah's State Implementation Plan submittal to re-designate Salt Lake and Utah Counties and Ogden City and maintenance plans.

34.     Accordingly, EPA is in violation of the mandatory duty under 42 U.S.C. § 7410(k)(2) to take action on State Implementation Plan submissions. This violation of a mandatory duty is ongoing.

## REQUEST FOR RELIEF

WHEREFORE, WildEarth Guardians respectfully request that the Court:

A. Declare that the Administrator is in violation of the Clean Air Act with regard to her failure to perform each mandatory duty listed above;

B. Issue a mandatory injunction requiring the Administrator to perform her mandatory duties by a certain date;

C. Retain jurisdiction of this matter for purposes of enforcing the Court's order;

D. Grant WildEarth Guardians its reasonable costs of litigation, including its attorneys' and expert witness fees; and

E. Grant such further relief as the Court deems proper.

Respectfully submitted,

/s Robert Ukeiley

_____
Robert Ukeiley, CO Bar #26747
435R Chestnut Street, Ste. 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
Email: rukeiley@igc.org

Counsel for WildEarth Guardians

Dated: May 26, 2010