**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01218-REB-BNB

WILDEARTH GUARDIANS,

       Plaintiff,

v.

LISA JACKSON, in her official capacity as Administrator of the Environmental Protection
Agency,

       Defendant.

## CONSENT DECREE

**Blackburn, J.**

       WHEREAS, on May 26, 2010, Plaintiff WildEarth Guardians filed its Complaint in this action against Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA");

       WHEREAS, Plaintiff alleges that EPA has failed to take action on two State Implementation Plan ("SIP") submissions from the State of Utah with the time frame required by section 110(k)(2) of the Clean Air Act, 42 U.S.C. § 7410(k)(2);

       WHEREAS,  Plaintiff and Defendant have agreed to a settlement of this case without any admission of any issue of fact or law, which they consider to be a just, fair, adequate and equitable resolution of the claims raised in this action; and

       WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve the issues in this action without protracted litigation.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree.

2. Venue lies in the District of Colorado.

3. Plaintiff and Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no party shall challenge the terms of this Consent Decree. This Consent Decree constitutes a complete and final resolution of all claims which have been asserted or which could have been asserted in the Complaint.

4. This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Consent Decree, the obligations set forth in this Decree are null and void.

5. By April 30, 2012, EPA shall sign a notice of proposed action in which it proposes either to approve in whole, approve in part and disapprove in part, or disapprove in whole, the State of Utah's Regional Haze SIP submission that Utah submitted to EPA on September 9, 2008. Within 15 days, EPA shall submit the notice for review and publication to the Office of Federal Register.

6. By October 31, 2012, EPA shall sign a final action in which it either approves in whole, approves in part and disapproves in part, or disapproves in whole, the State of Utah's Regional Haze SIP submission that Utah submitted to EPA on September 9, 2008. Within 15 days, EPA shall submit the notice for review and publication to the Office of Federal Register.

7.     By December 1, 2011, EPA shall sign a final action in which it either approves in whole, approves in part and disapproves in part, or disapproves in whole, the State of Utah's request to re-designate Salt Lake and Utah Counties and Ogden City to attainment for the National Ambient Air Quality Standard ("NAAQS") for particulate matter having an aerodynamic diameter of a nominal 10 micrometers ("PM-10"), along with Utah's maintenance plan for Salt Lake and Utah Counties and Ogden City for the PM-10 NAAQS, that Utah submitted to EPA on September 2, 2005, and which EPA previously proposed to disapprove in whole on December 1, 2009.  Within 15 days, EPA shall submit the notice for review and publication to the Office of Federal Register.

8.     The parties agree, that if the Court enters this Consent Decree, then the parties will amend their Settlement Agreement in WildEarth Guardians v. Jackson, No. 09-cv-02148-REB-MJW (D. Colo.), as set forth in this paragraph:   Item 5, R307-401, Renumbering of NSR rules; Item 6, R307-413, Soil venting and aeration; Item 8, Rules reorganization, grouping of smaller materials into a coherent structure; Item 10, Ogden PM10 SIP Clean Air Determination; and Item 11, Utah R307-401-14, Used Oil Fuel Burned for Energy Recovery, shall each have a deadline for signature on proposed action of June 15, 2012, and a deadline for signature on final action of December 14, 2012.  If the Settlement Agreement in WildEarth Guardians v. Jackson, No. 09-cv-02148-REB-MJW (D. Colo.), is not amended as set forth in this paragraph after the Court enters this Consent Decree, then EPA's deadline for final action on the Utah re-designation request and maintenance plan discussed in Paragraph 7 above, shall be December 1, 2012, and not December 1, 2011.

9. The deadlines in Paragraphs 5, 6 and 7 may be extended for a period of 60 days or less by written stipulation executed by counsel for Plaintiff and Defendant and filed with the Court. Any other extension to the deadlines in Paragraphs 5, 6 and 7 or any other modification to this Consent Decree, may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by either party to this Consent Decree and upon consideration of any response by the non-moving party and reply by the moving party.

10. EPA's obligation to take any action required in Paragraphs 5, 6 and 7 shall become null and void if the underlying SIP submission is withdrawn by the State of Utah prior to the deadline relating to EPA's action on relevant SIP submission or submissions. EPA shall provide WildEarth Guardians with a copy of any written notice of withdrawal prior to the relevant deadline.

11. EPA agrees to settle Plaintiff's claim for costs and attorneys' fees by paying $5,973.97 as soon as reasonably practicable after entry of this Consent Decree. This amount shall be paid by Fed Wire Electronic Funds Transfer to WildEarth Guardians' counsel Robert Ukeiley, P.S.C., pursuant to payment instructions provided by Robert Ukeiley. Plaintiff agrees to provide counsel for Defendant all necessary information for processing the electronic funds transfer within five (5) business days of receipt of the Court's order entering this Consent Decree. Plaintiff agrees to accept payment of $5,973.97 in full satisfaction of any and all claims for costs and attorneys' fees with respect to this case incurred up until the time of entry of this Consent Decree by the Court. EPA does not concede that Plaintiff will be entitled to fees for any efforts after the time of entry of this Consent Decree, and EPA reserves all defenses with

respect to any such efforts and any related fee claim.  The fees paid under this Paragraph shall have no precedential value in any future fee claim.

12. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 9 of this Consent Decree, and to resolve any disputes in accordance with Paragraph 17 of this Consent Decree.  Once EPA has taken the action called for in Paragraphs 5, 6, 7 and 11 of this Consent Decree, this Decree shall be terminated and the case dismissed with prejudice.  The Parties may either jointly notify the Court that the Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion.  If EPA notifies the Court by motion, then Plaintiff shall have twenty days in which to respond to such motion.

13. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree.

14. The parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of Clean Air Act § 113(g), 42 U.S.C. § 7413(g).  That subsection provides that notice of this proposed Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Consent Decree.  After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any

such written comments in determining whether to withdraw or withhold consent to this Consent Decree in accordance with section 113(g) of the CAA.  If the federal government elects not to withdraw or withhold consent to this Consent Decree, Defendant or the parties shall promptly file a motion that requests the Court to enter this Consent Decree.

15.   Nothing in the terms of this Consent Decree shall be construed to waive any remedies Plaintiff may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), with respect to any future challenges to the final rulemaking action called for in Paragraphs 6 and 7.

16.   Nothing in this Consent Decree shall be construed to provide this Court with jurisdiction over any challenges by Plaintiff or any other person or entity not a party to this litigation with respect to any future challenges to the final rulemaking action called for in Paragraphs 6 and 7.

17.   In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall contact the other party to confer and attempt to reach an agreement on the disputed issue.  If the parties cannot reach an agreed-upon resolution, then either party may move the Court to resolve the dispute.

18.   It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and Defendant and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree. This Consent Decree shall be governed and construed under the laws of the United

States.

19. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

20. The undersigned representative of each party certifies that he is fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

21. Any written notices or other written communications between the parties contemplated under this Consent Decree shall be sent to the undersigned counsel at the addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.

                          Respectfully submitted,

                          IGNACIA S. MORENO
                          Assistant Attorney General

Dated: 10/28/2010                  s/David A. Carson

                          DAVID A. CARSON
                          United States Department of Justice
                          Environment and Natural Resources
                                Division
                          999 18th Street
                          South Terrace, Suite 370
                          Denver, Colorado 80202
                          (303) 844-1349
                          david.a.carson@usdoj.gov

                          COUNSEL FOR DEFENDANT

Dated: 10/8/2010  s/Robert Ukeiley
ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, Kentucky 40403
(859) 986-5402
rukeiley@igc.org

COUNSEL FOR PLAINTIFF

On consideration of the foregoing, the Court finds that this Consent Decree is fair, reasonable, consistent with the Clean Air Act and in the public interest., and the Court enters the Consent Decree.

IT IS SO ORDERED.

Dated January 31, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge